**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Reed, | CV 10-2324-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| Helen Purcell, Karen Osborne, Maricopa County, | |
| Defendants. | |

Plaintiff has moved for an ex parte Temporary Restraining Order ("TRO"). (Doc. 4.) The circumstances in which a court may issue an ex parte order are extremely limited. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

> The stringent restrictions imposed by ... Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard had been granted to both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as necessary to hold a hearing, and no longer.
>
> Consistent with this overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO. For example, an ex parte TRO may be appropriate where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for the hearing. ...
>
> In cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action. ... In the trademark arena, such cases include situations where an alleged infringer is likely to dispose of the infringing goods before the hearing.

> ... To justify an ex parte proceeding on this latter ground, the applicant must do more than assert that the adverse party would dispose of evidence if given notice. ... Plaintiffs must show that defendants would have disregarded a direct court order and disposed of the goods within the time it would take for the hearing...and must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have a history.

*Id.* (internal citations and quotations omitted).

The Court finds Plaintiff has not met the standard for ex parte relief, and accordingly, the Court will not consider the request on an ex parte basis. The Court will set the following hearing.

**IT IS ORDERED** setting a hearing on Plaintiff's Motion (Doc. 4) on **Monday, November 1, 2010 at 11:30 a.m.** This hearing will be held in Courtroom 503, 401 W. Washington Street, Phoenix, Arizona 85003.

**IT IS FURTHER ORDERED** that, because the Court will not consider the motion on an ex parte basis, Plaintiff shall deliver a copy of this order (by fax, email, or hand delivery) to each Defendant by close of business TODAY (October 29, 2010) and shall file a notice by 8:00 a.m. Monday, November 1, 2010 of how notice was given to each Defendant.

**IT IS FURTHER ORDERED** that any Defendant may respond in writing to the motion by 8:00 a.m., Monday, November 1, 2010.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a proposed form of injunction by 8:00 a.m. Monday, November 1, 2010. Plaintiff shall both file the proposed form of injunction in the record and email the proposed injunction (in MS Word or Wordperfect) to teilborg_chambers@azd.uscourts.gov.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall make the motion (Doc. 4) accessible to all CM/ECF users.

/ / /

/ / /

/ / /

/ / /

- 2 -

1    **IT IS FINALLY ORDERED** that if any party intends to introduce any exhibits at
2  the hearing, such party shall mark the exhibits as outlined in Attachment #1 to this Order.
3    DATED this 29th day of October, 2010.

_____
James A. Teilborg
United States District Judge

- 3 -

ATTACHMENT #1

# EXHIBITS - MARKING, LISTING AND CUSTODY
for United States District Court Judge
**James A. Teilborg**  (Judge Code 7025)
(revised 11/3/06)

**Marking and listing of exhibits is the responsibility of counsel, not the courtroom deputy, and shall be delivered to the courtroom deputy <u>the day of trial or the day before trial</u>** (not the final pretrial conference) **unless otherwise directed by the deputy clerk.**

Counsel are required to use the exhibit cover sheets and/or adhesive labels as described herein. **Counsel shall also prepare the exhibit and witness <u>lists</u> (using the Clerk's Office format) and provide the lists to the courtroom deputy in triplicate (1 original and 2 copies), along with the actual exhibits.**

During trial/hearing, please be prepared to advise the courtroom deputy **in advance** which exhibits will be needed for each witness.

If you need a format in which to prepare the exhibit and witness lists, please refer to the district court's website at www.azd.uscourts.gov and access "Judicial Officer Information."

**<u>Counsel are to E-MAIL at least one day prior to trial/hearing a list of medical and technical terms and terms specific to the case to  david_german@azd.uscourts.gov (in Word format) or FAX to chambers at 602-322-7569, Attention: David German.</u>**

USE OF LABELS/COVER SHEET
1. Exhibit cover sheets and labels are divided by color to indicate whether the exhibit is offered by plaintiff (**YELLOW**) or defendant (**BLUE**).

2. Exhibit cover sheets are provided to counsel by the courtroom deputy for the purpose of numbering and labeling exhibits PRIOR to trial.  Cover sheets shall be copied on yellow or blue paper and used in cover sheet fashion to identify standard-size paper exhibits.  The cover sheet shall be <u>stapled</u> to the top of the original exhibit, and the exhibit shall be placed in a manilla folder number to correspond with the exhibit number.  Prepare extra cover sheets and provide extra manilla folders to use for exhibits marked during trial.

3. If the paper exhibit is too large to staple, use a 2-hole ACCO fastener to fasten the exhibit together at the top of the page, with an exhibit cover sheet attached to the front of the exhibit.

4. If the exhibit is a photograph or item smaller than 8" x 10", STAPLE it to an exhibit cover sheet OR place an exhibit label on the reverse side, lower right-hand corner.

5. Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or may be marked in a logical location on the item or on the plastic bag containing the item.

6. Large charts should be identified in the lower right-hand corner with an exhibit label.  If the item is an enlargement of another marked exhibit, it should be numbered as a sub-part of the smaller exhibit.

NUMBERING
1. Blocks of numbers are assigned to each side:  plaintiff starts with number 1 through

- 4 -

the estimated number of exhibits.  Defendant is to utilize numbers starting after plaintiff but allowing space for additional exhibits marked during trial. (Example: Plaintiff 1 - 80; Defendant 100- ).  Exhibit numbers not used will be noted by the clerk on the exhibit list.  **Failure to comply with this directive will result in exhibits being remarked by counsel.**

2. Plaintiff and defendant shall consult with one another prior to marking exhibits to **avoid marking duplicates**.  If plaintiff marks a document, the defendant should not mark the same document.  The exhibits are considered court exhibits, not plaintiff and defendant.  Either side may move the other's exhibits into evidence.

3. Use NUMBERS ONLY except when identifying sub-parts (e.g. 3a, 3b, 3c).  If the sub-parts will be more than a through z for a single exhibit, do not use double letters; instead commence with another number (e.g. 3x, 3y, 3z, 4a, 4b, 4c, etc. or 3-1, 3-2, 3-3, etc.).  It is very difficult for the court, counsel/parties, clerk and court reporter to ask for or listen to exhibits 1aa - 1eeee.  Categorizing exhibits should be kept as simple and clear as possible.  For the most part, USE NUMBERS.

4. Multiple page exhibits should be stapled or ACCO fastened; please do not use paper or binder clips or rubber bands.  **If submitted in this fashion, exhibits will be returned to counsel to be re-submitted stapled or with ACCO fasteners.**  Regarding bulky documents, BATES stamp numbers may be placed on each page and can be continuously numbered for easy reference.

5. Blocks of numbers may be used to categorize exhibits (e.g. series 1-99 are bank records; series 100-199 are tax returns; series 200-299 are photographs; etc.)

USE OF FOLDERS
1. Place exhibits loose in folders so that the exhibits may be pulled out of the folder during trial.  DO NOT attach the exhibit to the file folder.  Label the top of the folder to identify the exhibit.  Provide extra folders to the courtroom deputy for exhibits marked during trial.

2. Place the exhibit folders in a box in numerical order.  Mark the outside of the box as to what exhibits are contained therein.  Leave room in the box for any extra exhibits that may be submitted during trial.

3. DO NOT place trial exhibits in binders except when the binder is considered ONE exhibit.  Mark the binder with an exhibit label in the lower right-hand corner.

4. **A courtesy copy of the exhibits should be prepared for the Judge**.  Place these exhibits in three-ring binders with numbered tabs to correspond with exhibit numbers.  The Judge's copies should NOT have original exhibit covers sheets on them.

EXHIBIT LISTS
1. Exhibits may be listed on the exhibit list provided or the exhibit worksheet reproduced on a word processor (Word Perfect 9.0 compatible) using the same format.  The form is self-explanatory.  Be sure and leave enough SPACE to add additional information, such as sub-parts and additional exhibits.

2. Provide the courtroom deputy clerk with the original and two (2) copies of the exhibit list the morning of trial or as otherwise directed.  **Counsel are not to provide the courtroom deputy with the Pretrial Order (civil cases) in lieu of the exhibit list.**

WITNESS LISTS
1. Witnesses may be listed on the witness list provided or the witness list reproduced on a word processor (Word Perfect 9.0 compatible) using the same format. Provide the full name of each witness and list them in alphabetical order. Names should be at the top of the block and extra spaces provided at the end of the list. This is helpful when names have to be added that are not on the list. **Counsel are not to provide the courtroom deputy with the Pretrial Order (civil cases) in lieu of the witness list.**

2. Provide the courtroom deputy with the original and two (2) copies of the witness list the morning of trial or as otherwise directed.

SENSITIVE EXHIBITS
1. The courtroom deputy clerk will NOT take custody of any sensitive exhibits. During lengthy breaks and at close of the day, these exhibits are returned to the government (usually the agent) until court resumes. Pursuant to General Order 160 dated July 30, 1987,

> "the arresting or investigative agency or designated representative shall retain custody of sensitive exhibits prior to, throughout, and after the trial. Sensitive exhibits shall include drugs and drug paraphernalia, guns and other weapons, money and any other exhibits designated as sensitive by the court."

IMPEACHMENT EXHIBITS
1. Impeachment exhibits are given to the courtroom deputy **the first day of trial**, (unless other arrangements are made) in a SEALED envelope. The envelope should be marked with the caption of the case, case number and shall identify the party presenting the exhibit. If there is more than one exhibit in the envelope, mark each one with a SEPARATE NUMBER so you (and the clerk) will be able to identify it. Identify these exhibits with a numbering system of your own for easy retrieval. <u>Prepare an impeachment exhibit list for the courtroom deputy (on the accepted format)</u> and a courtesy copy for the Court. The courtroom deputy will assign the next available number when the exhibit is used during trial.

2. Provide an <u>extra copy</u> of impeachment exhibits in a sealed envelope as a courtesy copy for the Court with accompanying exhibit list.

STIPULATED EXHIBITS
1. In civil trials, parties may agree on most of the exhibits prior to trial and as listed in the Pretrial Order. Counsel may give the courtroom deputy clerk a list of the stipulated exhibits to be marked in evidence before moving for their admission on the record. For example, stipulated exhibits 1-28, 31, 45-50, etc. The clerk will then mark those exhibits and the exhibit list as 'admitted into evidence."

In criminal trials, stipulated exhibits usually come in one at a time during the course of trial.

DEPOSITIONS
1. Depositions ARE NOT to be marked as exhibits. Identify them by party (so they can be returned to the correct party after trial), place them in alphabetical order and give them to the courtroom deputy the morning of trial.

MEDICAL OR TECHNICAL TERMS
1. Provide a list of medical or technical terms (in alphabetical order) for the court

- 6 -

1    reporter prior to trial commencing (please refer to page 1, paragraph 4).

2    RETURN OF EXHIBITS
     1.   Pursuant to Local Rule Civil 79.1(a), all exhibits are returned to respective parties
3         for them to keep custody pending all appeals.  If the exhibits are not picked up
          within thirty (30) days of the Notice of Return of Exhibits, Local Rule Civil
4         79.1(c), the clerk may destroy or otherwise dispose of those exhibits.

5    2.   Usually trial exhibits are handed immediately back to the respective counsel by the
          courtroom deputy at the conclusion of trial.  When the case is taken under
6         advisement and a verdict or court ruling issues at a later date, a separate order will
          follow directing counsel to retrieve the exhibits from the courtroom deputy.

7

8    If you have any questions, or need additional exhibit labels, please do not hesitate to call
     or e-mail me.

9    Teddy Bengtson
10   Courtroom Deputy Clerk  for U.S. District Judge James A. Teilborg
     602-322-7231
11   teddy_bengtson@azd.uscourts.gov

12   Sample exhibit and witness lists and exhibit tags are attached.   On the exhibit worksheet
     and witness lists modify forms to reflect the correct title (criminal or civil) and the case
13   number (CR or CV).

Case 2:10-cv-02324-JAT   Document 10   Filed 10/29/10   Page 8 of 11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**CRIMINAL/CIVIL EXHIBIT LIST**

___ **Preliminary Injunction** ___ **TRO** ___ **Non-Jury Trial** ___ **Jury Trial**

**Case Number** CR (CV) ___-___-___-**JAT**   **Judge Code** 7025

**Date** _____

_____ vs. _____

___ Plaintiff/Petitioner        ___ Defendant/Respondent

| EXHIBIT NUMBER | MARKED FOR IDENTIFICATION | ADMITTED IN EVIDENCE | DESCRIPTION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**CRIMINAL/CIVIL WITNESS LIST**

___ **Preliminary Injunction** ___ **TRO** ___ **Non-Jury Trial** ___ **Jury Trial**

**Case Number** CR (CV) - _____ - _____ -JAT   Judge Code 7025

**Date** _____

_____ vs. _____

___ Plaintiff/Petitioner                             ___ Defendant/Respondent

| **NAME** | **SWORN** | **APPEARED** |
|----------|-----------|--------------|
|          |           |              |
|          |           |              |
|          |           |              |
|          |           |              |
|          |           |              |
|          |           |              |
|          |           |              |
|          |           |              |

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | CASE NO. _____ |
| 17 | _____ |
| 18 | VS. _____ |
| 19 | PLAINTIFF'S EXHIBIT _____ |
|    | DATE: _____ IDEN. |
| 20 | DATE: _____ EVID. |
| 21 | BY: _____ |
|    | Deputy Clerk |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. _____

_____

VS. _____

DEFENDANT'S EXHIBIT _____

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____
         Deputy Clerk

- 11 -